UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DALE BENNETT,<br><br>Petitioner<br><br>v.<br><br>EDWARD BORLA[1], Warden,<br><br>Respondent. | Case No. ED CV 24-0046 AH (PVC)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE, DENYING PENDING MOTIONS AND CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, both in its original form and as construed by the Report and Recommendation of United States Magistrate Judge (*see* Dkt. 59 at 2; "Report"), the Report itself, Petitioner's Objections to the Report (Dkts. 80, 81, 83-89, 91-93, 96, 99, 102, 103, 106); "Objections"), Petitioner's remaining various motions filed before, and discussed in, the Report (Dkts. 42, 48, 49, 52, 53, 55, 56, 59 at 2 n.4), and filed after the Report (Dkts. 107, 108), and the other relevant records on file.

Despite the Magistrate Judge's directive allowing Petitioner to file "a" written statement of Objections, Petitioner, as noted, has instead filed multiple sets of Objections. Dkt. 58. Moreover, despite the Magistrate's directive, and without leave

---

[1] Edward Borla, the Warden at Correctional Training Facility, Soledad, where Petitioner is currently incarcerated, is substituted for his predecessor. *See* Fed. R. Civ. P. 25(d).

from the Court, Petitioner has filed many of these beyond the February 3, 2025, deadline. *Id*. In total, at least seventeen separate Objections have been lodged encompassing over 750 pages of material.

The Court has considered all the Objections but, consistent with the Magistrate Judge's review of the filings related to the Petition (*see* Dkt. 56 at 1-2), elects to focus on the first set of timely filed Objections. Dkt. 80. The Court has engaged in a de novo review of the Report and record. Although not required, the Court briefly discusses the following points. *See United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court order summarily adopting, without addressing any objections, a magistrate judge's report and recommendation).

As with Petitioner's other filings, the Objections are excessively verbose, convoluted, virtually unintelligible, and confusing, making it difficult to parse his complaints about the Report. *See, e.g.*, Dkt. 59 at 2 (Report's similar characterization of the Petition). For example, rather than directing the Court to specific areas of the Report he contests, he cites biblical references and authorities not at issue in these proceedings, such as the Racketeer Influenced and Corrupt Organizations Act, or that do not exist, such as the purported "Rigged Trials Act." *See* Dkt. 80 at 9-10, 40, 58-60, 65, 67, 71, 73-77. Additionally, Petitioner makes blanket assertions that the Report is "biase[d] & false," a "farce," a miscarriage of justice (*id*. at 1, 19, 25, 29, 40, 50), and accuses the Magistrate Judge of being "guilty" of an abuse of discretion, perjury, fraud, and that the Magistrate Judge otherwise issued the Report in bad faith (*id*. 26-28, 50, 51, 70-71, 73, 75, 86-87, 99). To the extent he seeks recusal due to this by suggesting the Court prohibit the Magistrate Judge from "having any involvement in the underlying case," Petitioner's mere disagreement with Report's findings and recommendations is insufficient to warrant recusal. *See, e.g., Latronica v. Lynch*, No.

116CV01352LJOSAB, 2016 WL 10654059, at *2 (E.D. Cal. Dec. 15, 2016) ("disagreement with the magistrate judge's orders and findings and recommendations is not sufficient to warrant recusal").

Moreover, to the extent Petitioner merely repeats his claims and arguments already presented in the Petition, those were adequately addressed in the Report. *See* Dkt. 80 at 67-69. Finally, to the extent he alleges he was prejudiced or that the various errors he alleges were not harmless (*see id*. at 31-32, 48), he has failed to meet any standard of prejudice.

As such, the Objections are **OVERRULED**. The Court accepts the Report and adopts it as its own findings and conclusions. Accordingly, Judgment shall be entered **DENYING** the Petition, **DENYING** all pending motions, and **DISMISSING** this action with prejudice.

Further, for the reasons stated in the Report and articulated here, Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The Court therefore **DENIES** a Certificate of Appealability.

IT IS SO ORDERED.

Dated:  April 7, 2025

ANNE HWANG
United States District Judge